1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JOHN REYNOLDS,                        No. CIV S-11-2387-MCE-CMK

12              Plaintiff,

13        vs.                              FINDINGS AND RECOMMENDATIONS

14   KAMALA D. HARRIS,

15              Defendant.

16   _____/

17              Plaintiff, who is proceeding pro se, brings this civil action challenging the

18   constitutionality of California Fish and Game Code §§ 5653-5653.9 and seeking prospective

19   declaratory and injunctive relief.[1]  Pending before the court is plaintiff's complaint (which he

20

21        [1]   The court takes judicial notice of an identical action filed in this court as Reynolds
     v. State of California, E. Dist. Cal. case no. CIV-S-11-1381-MCE-CMK.  See Chandler v. U.S.,
22   378 F.2d 906, 909 (9th Cir. 1967) (stating that court may take judicial notice of its own records).
     In the earlier action, defendants moved to dismiss, arguing that defendant is immune under the
23   Eleventh Amendment, and also that the court should abstain from exercising jurisdiction.
     Following oral argument on defendant's motion, plaintiff was provided an opportunity to file
24   further briefing addressing these issues.  This new action appears to have been filed in response.
     Specifically, plaintiff addresses the Eleventh Amendment immunity issue by naming as the only
25   defendant to this action the California Attorney General and seeking prospective declaratory and
     injunctive relief only.  Thus, the Eleventh Amendment problem is solved under the doctrine
26   announced in Ex Parte Young, 209 U.S. 123 (1908).

                                              1

1  entitles "Petition for a Finding of Unconstitutionality").  The court is required to screen

2  complaints brought by prisoners seeking relief against a governmental entity or officer or

3  employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court is also required to

4  screen complaints brought by litigants who have been granted leave to proceed in forma pauperis.

5  See 28 U.S.C. § 1915(e)(2).  Under these screening provisions, the court must dismiss a

6  complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon

7  which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from

8  such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2).  Moreover, pursuant to

9  Federal Rule of Civil Procedure 12(h), this court must dismiss an action "[w]henever it

10  appears . . . that the court lacks jurisdiction of the subject matter . . . ."  Because plaintiff, who is

11  not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the

12  complaint pursuant to § 1915(e)(2).  Pursuant to Rule 12(h), the court will also consider as a

13  threshold matter whether it has subject-matter jurisdiction.

14         Upon review of the complaint in this action as well as the file in plaintiff's other

15  action, Reynolds v. State of California, the court finds that it should abstain from exercising

16  jurisdiction pursuant to Younger v. Harris, 401 U.S. 37 (1971), in light of ongoing state judicial

17  proceedings.  Under Younger, a federal court must abstain and dismiss an action where: (1) there

18  are ongoing state judicial proceedings; (2) those proceedings implicate important state interests;

19  (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state

20  proceedings; and  (4) the federal action would interfere with the state proceedings.  See

21  Gilbertson v. Albright, 381 F.3d 965, 975 (9th Cir. 2004) (en banc).

22         As revealed by defendant's filings in Reynolds v. State of California, these factors

23  are met here.  First, there are ongoing state judicial proceedings relating to the state suction

24  dredge mining statutes plaintiff is challenging.  In 2005, an action was initiated in the Alameda

25  County Superior Court, Karuk Tribe of Calif. v. Calif. Dept. of Fish & Game, No. RG

26  052115970, to enjoin suction dredge mining in various state rivers.  A number of miners, either

individually or though associations, intervened in the action arguing that federal law preempts and prohibits state regulation of suction dredge mining and that the Department of Fish and Game should be required to issue mining permits regardless of the need for any environmental review.  A consent judgment was entered in that action on December 20, 2006, and the state court retains continuing jurisdiction over the case.  A second action was filed in early 2009, Hillman v. Calif. Dept. of Fish & Game, No. RG 09434444, seeking to enjoin public funding of the state's suction dredge permitting program.  Again, a number of individual miners intervened arguing preemption.  The state trial court entered an order enjoining the permit program, thereby essentially imposing a moratorium on suction dredge mining in California.  The individual miners' appeal from that order is pending in state court.

Second, these ongoing actions implicate California's important state interest in protecting the environment.  Third, plaintiff is not barred from litigating his claims in the state actions and, indeed, the intervening miners are doing just that.  And, fourth, this federal action would interfere with the ongoing state proceedings in that the relief plaintiff seeks is in contravention with the various state court orders issued in the ongoing state proceedings.  In particular, the state courts have essentially ordered a halt to suction dredge mining and, if plaintiff is successful in this action, this court would be put in the position of contravening those orders by directing that suction dredge mining permits be issued to plaintiff.

While plaintiff has avoided any Eleventh Amendment defects by naming the California Attorney General and seeking only prospective declaratory and injunctive relief, the court nonetheless finds that dismissal is appropriate pursuant to the Younger abstention doctrine.

/ / /

/ / /

/ / /

/ / /

/ / /

3

1          Based on the foregoing, the undersigned recommends that this action be

2    dismissed.

3          These findings and recommendations are submitted to the United States District

4    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

5    after being served with these findings and recommendations, any party may file written

6    objections with the court.  Responses to objections shall be filed within 14 days after service of

7    objections.  Failure to file objections within the specified time may waive the right to appeal.

8    See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9

10   DATED:   September 20, 2011

11

12                                          CRAIG M. KELLISON
                                            UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26